**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**     **CASE NUMBER: 09-20224**
                                          **HONORABLE VICTORIA A. ROBERTS**
**v.**

**NEIL CHAPPLE,**

        **Defendant(s).**
_____/

**ORDER**

**I.     BACKGROUND AND PROCEDURAL HISTORY**

The Government alleges that Defendant George Williams organized and operated a purported health care business under the name Quick Response Medical Professionals, P.C. ("QRMP"). Williams recruited fake patients to see doctors employed by QRMP. Most of the patients were scheduled for doctor visits by co-Defendant Yolando Young, who instructed the patients to ask for prescriptions for drugs with a high street value. The fake patients could not keep their prescriptions; QRMP employees, under Williams' direction, retained the prescriptions.

The prescriptions were filled at various cooperating pharmacies. Williams paid cash for the drugs, and either personally picked up the controlled substances, or had employees pick them up. Employees delivered the controlled substances to distributors in exchange for money.

Defendant Neil Chapple is charged with: (1) Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846

1

and 841(a)(1) (Count I); and (2) two counts of Possession with Intent to Distribute Controlled Substances - Oxycodone, in violation of 21 U.S.C. §841(a)(1) (Counts IV and VIII).

On November 11, 2009, Chapple filed a Motion for Severance. (Doc. #108).

On January 29, 2010, Magistrate Judge Virginia M. Morgan filed an "Opinion and Order Denying Defendant Neil Chapple's Motion for Severance." (Doc. #159). The Magistrate Judge says Count IV of the Indictment is part of the alleged conspiracy to distribute and possess with intent to distribute controlled substances. According to the Magistrate Judge, while Chapple was not involved in the fraudulent health care billings, there is a sufficient nexus between Count IV and the remaining counts.

In addition, the Magistrate Judge says Chapple failed to prove how he was prejudiced by the joinder.

Before the Court are Chapple's objections to the Magistrate Judge's Opinion and Order. (Doc. #169).

## II. APPLICABLE LAW AND ANALYSIS

### A. Misjoinder

Chapple says Count IV is misjoined; there is nothing in the Indictment that links his alleged possession of OxyContin on July 3, 2008, to the conspiracy charged in Count I. According to Chapple, when the Michigan State Police seized the OxyContin pills from him during a traffic stop, they were loose in a plastic bag; they were not in labeled prescription bottles.

Pursuant to Fed. R. Crim. P. 8(b):

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"While it is true that Rule 8(b) should be construed in favor of joinder, it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law." *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982) (internal citation omitted). The Sixth Circuit held that "[u]nder Rule 8(b) multiple defendants may be joined *only* if a sufficient nexus exists between the defendants and the single or multiple acts or transactions charged as offenses." *United States v. Johnson*, 763 F.2d 773, 775 (6th Cir. 1985) (emphasis added). "[A] group of acts or transactions constitutes a 'series' if they are logically interrelated. A group of acts or transactions is logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan." *Id.* at 776 (internal citations omitted).

In a case of misjoinder, "the trial judge has no discretion on the question of severance. Severance in such a case is mandatory." *Hatcher*, 680 F.2d at 442 (citations omitted).

In *Hatcher*, defendants Hatcher and Manetas were jointly indicted and jointly tried for federal narcotics crimes. Both defendants were charged with three counts relating to possession and distribution of heroin. Additionally, Hatcher alone was charged with three counts relating to possession and distribution of cocaine. *Hatcher*, 680 F.2d at 440. The Sixth Circuit held the fact that all counts against both defendants were based on possession and distribution of narcotics was insufficient to justify joinder, even

though the evidence showed that Manetas was Hatcher's source of heroin. *See id.* at 442. The trial judge committed reversible error by not granting Manetas' motion for Rule 8(b) severance, because "the indictment on its face alleges no connection between Manetas and the cocaine-related charges against Hatcher. Neither does the record reveal any evidence of such a connection." *Id.* at 441. The Sixth Circuit emphasized "[i]f multiple defendants are improperly joined under Rule 8(b) because they are charged with offenses that are unrelated, then they are considered as prejudiced by that fact and the trial judge has no discretion on the question of severance." *Id.*

Count I says that between January 2007 and December 2008, George, Nancy Williams, Young, Ernest Larry Adams, Webb Smith, Chapple, Gregory Palmer, Nathaniel Darryl Williams, Anthony Richardson, and Katrina Lyons conspired to unlawfully distribute and possess with intent to distribute OxyContin, Viccodin, Viccodin ES, Lortab, Xanax, and cough syrup with codeine.

Count IV says that on July 3, 2008 – which is within the time frame of the alleged drug conspiracy – Chapple possessed with intent to distribute 413 dosage units of OxyContin.

In addition, Chapple's drug charges are logically interrelated to the alleged health care fraud. Without the health care fraud and unlawful payments to Medicare beneficiaries, QRMP would not have obtained the prescriptions for the controlled substances that Chapple allegedly possessed and distributed.

Count IV is not misjoined; it is related to the other counts in the Indictment.

**B.     Prejudicial Joinder**

4

Chapple asks the Court to sever him from his co-Defendants pursuant to Fed. R. Crim. P. 14(a). He says he will be prejudiced by a joint trial because the majority of the evidence will be offered to prove the health care fraud.

There is a preference in the federal courts for joint trials of defendants indicted together, because joint trials "play a vital role in the criminal justice system," promote efficiency, and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209-210 (1987)).

But, under Fed. R. Crim. P. 14(a) "If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . ., the court may . . . sever the defendants' trials[.]" Chapple has the burden to show a "specific and compelling prejudice" arising from the joint trial. *See United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993).

> [A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is *admitted against* a codefendant.

*Zafiro*, 506 U.S. at 539 (emphasis added).

Even assuming that the majority of the Government's evidence relates to the health care fraud, and such evidence would not be admissible if Chapple were tried alone, the health care fraud evidence will not be admitted *against* Chapple; the Court will provide a limiting instruction. *See id.* (even when the risk of prejudice is high, less dramatic measures, such as limiting instructions, often will suffice to cure any risk of

5

prejudice) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

## III. CONCLUSION

The Court **ADOPTS** the Magistrate Judge's Opinion and Order. Chapple's motion is **DENIED**.

**IT IS ORDERED**.

                                                    s/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

Dated: March 12, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 12, 2010.

s/Linda Vertriest
Deputy Clerk

---